**David W. DOAN, Movant,**

v.

**KENTUCKY BAR ASSOCIATION, Respondent.**

No. 92–SC–941–KB.

Supreme Court of Kentucky.

Dec. 17, 1992.

Robert W. Carran and David W. Doan, Covington, for movant.

Barbara S. Rea, Kentucky Bar Ass'n, Frankfort, for respondent.

OPINION AND ORDER

The Movant, David W. Doan, moves this Court, pursuant to SCR 3.480(3), for permission to resign from the Kentucky Bar Association under terms of disbarment. Movant's verified petition recites that the grounds therefor concern his engagement in numerous and egregious instances of unethical and unprofessional conduct, to wit:

a) In litigation pending before the Pendleton Circuit Court and matters before the Pendleton District Court, Probate Division, involving his clients, John and Lola Bennett and their minor daughter, Movant failed to represent his clients competently and diligently in violation of SCR 3.130–1.1 and 1.3 (made applicable to him by SCR 3.130 as effective January 1, 1990), failed to keep his clients informed of the status of their suit to the extent necessary to permit them to make informed decisions as is required by SCR 3.130–1.4(a) and (b), made material misrepresentations of fact to the court, which is proscribed by SCR 3.130–3.3(a)(1), and in violation of SCR 3.130–3.3(a)(3), tendered to the court a fabricated document purporting to release his clients' claims, which document was never executed by his clients.

b) In representing a client in an appeal taken from the Pendleton District court, *Commonwealth of Kentucky v. McNees,* 91–T–1100, Movant failed to perfect the appeal in violation of SCR 3.130–1.3, which requires an attorney to act with reasonable diligence in representing a client. When the appeal was dismissed, Movant fabricated an order bearing a facsimile of the judge's signature purporting to vacate his client's conviction of a traffic offense, and falsely represented to his client that the appeal had been successful. Movant's acts were in violation of SCR 3.130–8.3(b) and (c).

c) Movant was employed briefly in 1992 by a corporation in Cincinnati, Ohio. Mov-

ant falsely represented to his employer that he was seeking admission to the practice of law in Ohio, and that he was permitted to draft and notarize legal instruments for execution and recording in Ohio. Movant drafted and notarized such instruments in violation of SCR 3.130–5.5(a) which provides that a lawyer shall not practice law in a jurisdiction where such practice is not authorized, and of SCR 3.130–8.3(c), which proscribes conduct which involves dishonesty, fraud, deceit or misrepresentation.

d) Movant represented the interests of various claimants in negotiating a settlement of insurance benefits due as a result of a fatal collision on April 7, 1990, involving Samual Teegarden, deceased, and Charles R. Teegarden, Jr. Several checks were issued by the insurance carrier to Movant and his clients. Movant negotiated the checks without his clients' knowledge or consent and misappropriated the funds to his own use. Movant's conduct violated SCR 3.130–8.3(b) which provides that it is professional misconduct for a lawyer to commit a criminal act which reflects adversely upon his honesty, trustworthiness or fitness as a lawyer in other respects, and SCR 3.130–8.3(c) which prohibits conduct involving dishonesty, fraud, deceit or misrepresentation. Movant has made restitution to the Teegardens in the amount of $18,000.

e) Movant represented David D. Rice in negotiations for settlement of an insurance claim in 1990. Movant received the settlement proceeds and negotiated the check without his client's signature, knowledge or consent. Movant gave his client a check for $28,050 drawn on his escrow account in payment of the client's portion of the settlement. The check was dishonored by the drawee bank, and a post-dated replacement check dated February 2, 1991 was likewise dishonored. When the client requested a complete accounting of the insurance settlement and a copy of his file, Movant failed to comply. Movant acknowledges that his conduct is in violation of SCR 3.130–1.15(a), (b) and (c).

f) Movant represented Ella Mae Herron individually and as executrix of the estate of her husband in the settlement of claims arising from his death in a traffic accident which occurred in 1986. Movant received a check in partial settlement of the claims made payable to him and his client. Movant negotiated the check without his client's knowledge or consent and misappropriated the funds to his own use. Movant acknowledges that his conduct was in violation of DR 1–102(A)(3), (4) and (6) of the Code of Professional Responsibility (made applicable to him by SCR 3.130 as effective until December 31, 1989). DR 1–102(A)(3), (4) and (6) prohibit dishonesty, fraud, deceit, and misrepresentation by a lawyer, and makes it professional misconduct by a lawyer to engage in illegal conduct involving moral turpitude or other conduct which reflects adversely upon his fitness to practice. Movant further acknowledges that his failure to treat his client's funds appropriately is in violation of DR 9–102(A) and (B) which require prompt notice of receipt to the client and prohibit commingling of client funds with those of an attorney.

As disbarment seems both appropriate and necessary under the circumstances, and in the absence of objection by the Kentucky Bar Association, IT IS HEREBY ORDERED THAT David W. Doan's motion to resign from the Kentucky Bar Association under terms of disbarment is granted.

IT IS FURTHER ORDERED THAT:

1. Movant shall not be permitted to engage in the practice of law, as defined in SCR 3.020, in the Commonwealth of Kentucky until such time as this Court enters an order reinstating his membership in the Kentucky Bar Association.

2. Movant shall not file an application for reinstatement for a period of five years after entry of this order. Notwithstanding this five year period, the Movant shall not file such application as long as there exists any outstanding claim or unsatisfied judgment arising from his professional misconduct, including but not limited to any amounts due the Kentucky Bar Association on behalf of the Client's Security Fund.

3. Any application for reinstatement filed by the Movant shall be governed by

SCR 3.520, "Reinstatement in Cases of Disbarment," or any subsequent amendment to SCR 3.520. Any investigation or other disciplinary proceeding initiated by the Inquiry Tribunal shall be terminated with the Movant to pay all costs in accordance with SCR 3.450(1) and SCR 3.480(3).

4. Movant shall comply with the provisions of SCR 3.390 by promptly notifying all courts in which he has matters pending and all clients for whom he is actively involved in litigation and other similar matters of his inability to continue to represent them, and of the necessity and urgency of promptly retaining new counsel. Such notification shall be by letter duly placed in the United States mail within ten (10) days of the entry of this order, and Movant shall simultaneously provide a copy of all such letters to the Director of the Kentucky Bar Association. Movant shall promptly return all active files to his clients.

All concur.

ENTERED: December 17, 1992.

/s/ Robert F. Stephens
Chief Justice